A Form 26 Agreement, based upon a fifteen percent permanent partial disability rating and awarding $18,270.00 to plaintiff, was approved by the Industrial Commission on November 4, 1993. By letter/order of November 16, 1993, the Executive Secretary awarded plaintiff's counsel an attorney's fee of $3,654.00, representing twenty percent of the total amount awarded for legal services rendered to plaintiff.
Plaintiff's counsel has presented a fee arrangement contract, signed by plaintiff and plaintiff's counsel, which would provide for an attorney's fee of thirty-three and one-third percent of the amount recovered under a settlement. However, plaintiff counsel requests approval of a fee of $4,567.50 on this appeal, a figure which only represents twenty-five percent of the total recovery.
G.S. 97-90 (c) provides as follows
 "If the [attorney fee] agreement is not considered unreasonable, the hearing officer or Commission shall approve it at the time of rendering decision.
 If the agreement is found to be unreasonable by the hearing officer or Commission, the reasons therefor shall be given and what is considered to be reasonable fee allowed. If within five days after receipt of notice of such fee allowance, the attorney shall file notice of appeal to the Full Commission, the Full Commission shall hear the matter and determine whether or not the attorney's agreement as to a fee or the fee allowed is unreasonable."
 In. G.S. 97-90 (c), the Commission is given the following direction:
 "The Commission, in determining an allowance of attorney's fees, shall examine the record to determine the services rendered. The factors which may be considered by the Commission in allowing a reasonable fee include, but are not limited to, the time invested, the amount involved, the results achieved, whether the fee is fixed or contingent, the customary fee for similar services, the experience and skill level of the attorney, and the nature of the attorney's services."
The undersigned have reviewed the record as a whole in this matter and have determined that an attorney's fee of $4,567.50, as requested, in reasonable in the case at hand in light of the fee contract entered into by the parties, the time invested, and the results achieved.
Accordingly, the previous approval by the Executive Secretary is HEREBY VACATED, and an attorney's fee of $4,567.50 is HEREBY AWARDED in this matter.
This the _______ day of ________________________, 1994.
 S/ ________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ___________________ FORREST H. SHUFORD II DEPUTY COMMISSIONER
S/ ________________ COY M. VANCE DEPUTY COMMISSIONER
JHB/nwm 12/07/94